UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS ESPARZA PONCE,<br><br>    Petitioner,<br><br>    v.<br><br>D. BAUGHMAN,<br><br>    Respondent. | No. 2:17-cv-0450-KJM-CMK-P<br><br>ORDER |

        Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus under by 28 U.S.C. § 2254. This matter was referred to a United States Magistrate Judge as provided by Eastern District of California local rules.

        On May 30, 2018, the magistrate judge filed findings and recommendations, which were served on the parties and which contained notice that the parties may file objections within a specified time. No objections to the findings and recommendations have been filed.

        The court presumes that any findings of fact are correct. *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. *See Britt v. Simi Valley Unified School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Having reviewed the file, the court declines to adopt the findings and recommendations and refers the matter back to the assigned magistrate judge for further proceedings consistent with this order.

Petitioner challenges his validation as an associate of the STG-1 – Mexican Mafia prison gang. *See* ECF No. 1 at, *e.g.*, 17. Petitioner contends prison officials relied on three pieces of evidence to support the validation, all of which lacked "any nexus" to the STG-1 – Mexican Mafia prison gang. *Id*. He contends his right to due process was violated because there was insufficient evidence to support the validation. *Id*. at 17-18. He alleges that he served an indeterminate term in the segregated housing unit (SHU) at California Correctional Institution and was thereafter transferred to the SHU at Pelican Bay State Prison. *Id*. at 17. He seeks an order expunging the validation from his prison central file. *Id*. at 21. At the time petitioner filed this action he was incarcerated at California State Prison-Sacramento, ECF No. 1 at 1, and there is no suggestion in the record that petitioner has been transferred to a different prison.

The magistrate judge recommends dismissal of the petition on the ground that it challenges petitioner's conditions of confinement and must be raised, if at all, in an action under 42 U.S.C. § 1983. ECF No. 6 at 2. The magistrate judge also finds this action is not "amenable" to conversion to a § 1983 action and therefore recommends dismissal rather than conversion. *Id*.

It is settled that habeas corpus relief is only available for claims that "lie at the 'core of habeas corpus.'" *Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016) (en banc) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 471 (1973)). The Seventh Circuit has held that the "core of habeas corpus" includes claims that would result in a "'quantum change in the level of custody,'" *Pischke v. Litscher*, 178 F.3d 497, 499 (7th Cir. 1999) (quoting *Graham v. Broglin*, 922 F.3d 379, 381 (7th Cir. 1991)), including release from disciplinary segregation. Several lower courts have suggested that the en banc court's decision in *Nettles* left intact the same holding in the panel opinion from which en banc review was taken. *See, e.g.*, *Lopez v. Perry*, 2017 WL 1740470, slip op. at 2-3 (E.D. Cal. 2017) (Findings and Recommendations) (discussing both the en banc decision in *Nettles* and the panel decision, *Nettles v. Grounds*, 788 F.3d 992 (9th Cir. 2015), and other cases)[1]. It is unclear from the record before this court whether petitioner is

---

[1] The district court adopted in full the findings and recommendations in *Lopez,* by order filed July 17, 2017. *See Lopez v. Perry*, Case No. 15-cv-2218 JAM AC P (E.D.Cal.), ECF No. 16. The court properly takes judicial notice of court records. *See Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012).

still confined in a SHU, or whether the relief he seeks would result in a "quantum change" in the level of his custody, for example, transfer from a SHU or other disciplinary segregation unit to the general population. This issue must be addressed for appropriate resolution of this action.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed May 30, 2018, are not adopted; and
2. This matter is referred back to the assigned magistrate judge for further proceedings consistent with this order.

DATED: August 2, 2018.

_____
UNITED STATES DISTRICT JUDGE